## Max Zamiar, Appellee, v. People's Gas Light & Coke Company, Appellant.

### Gen. No. 22,697. (Not to be reported in full.)

Appeal from the Superior Court of Cook county; the Hon. Clinton F. Irwin, Judge, presiding. Heard in this court at the October term, 1916. Reversed and remanded. Opinion filed March 12, 1917.

### Statement of the Case.

Action by Max Zamiar, plaintiff, against the People's Gas Light & Coke Company, a corporation, defendant, to recover damages for personal injuries sustained by plaintiff being struck by an automobile truck. From a judgment for plaintiff for $5,000, defendant appeals.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

MEAGHER, WHITNEY, RICKS & SULLIVAN, for appellant.

BAUER & DONOGHUE, for appellee.

MR. PRESIDING JUSTICE McSURELY delivered the opinion of the court.

## Abstract of the Decision.

1. INSTRUCTIONS, § 82*—*when instruction dividing witnesses into classes is erroneous.* In an action to recover damages for personal injuries sustained by plaintiff being struck by an automobile truck, an instruction which divided the witnesses into two classes, those who were employees of the parties to the action and those who were not, *held* erroneous in a close case upon the question of ownership of the machine.

2. INSTRUCTIONS, § 7*—*necessity of accuracy.* In an exceedingly close case upon the evidence, the necessity for accurate instructions is imperative.

3. INSTRUCTIONS, § 95*—*when instruction as to credibility of witnesses and weight of testimony is erroneous.* In an action to recover damages for personal injuries sustained in an automobile accident, where there was no evidence that any of the witnesses except the plaintiff had any connection with the accident, an instruction as to the credibility of witnesses and the weight of their testimony which suggested for consideration by the jury the witnesses' "connection if any with the act causing the injury complained of," *held* to be erroneous.

4. INSTRUCTIONS, § 88*—*when instruction on determination of preponderance of evidence is erroneous.* In an action to recover damages for personal injuries sustained in an automobile accident, where an instruction was given that the fact, if it were a fact, that the larger number of witnesses testified on one side did not necessarily alone determine the preponderance of the evidence, and which omitted the element of the number of witnesses in enumerating the elements to be considered in determining the preponderance of the evidence, *held* that the number of witnesses testifying on one side was important, in determining the preponderance of the evidence, and it was reversible error to smother this factor by the negative words used in the first part of the instruction and

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

omit it entirely from the affirmative statement of the elements necessary to be considered.

5. AUTOMOBILES AND GARAGES, § 3*—*when refusal to give proper instruction is not reversible error.* In an action to recover damages for personal injuries sustained in an automobile accident, refusal to give an instruction that it must be shown that the car was operated by the defendant's servants acting within the scope of their authority, *held* not reversible error in view of defendant's denial of ownership of the car.

6. EVIDENCE, § 444*—*when admission of opinions of medical witnesses is erroneous.* The admission of the testimony of medical witnesses as to their opinion based upon information given them concerning the history of the case and partly on subjective and partly on objective symptoms, from their examination of the party for the purpose of qualifying as witnesses and not for treatment, *held* to be prejudicial error, in an action to recover damages for personal injuries.